■ VIRGINIA CURTIS, Appellant, v COUNTY OF CAYUGA, Respondent, and JOHN R. CURTIS, JR., Appellant, et al., Defendants. (Action No. 1.) BETTY S. MINTURN, Individually and as Parent and Natural Guardian of KIMBERLEY S. MINTURN, an Infant, Appellant, v COUNTY OF CAYUGA, Respondent, and JOHN R. CURTIS, JR., Appellant. (Action No. 2.) BETTY S. MINTURN, Appellant, v COUNTY OF CAYUGA, Respondent. (Action No. 3.)—Order unanimously modified on the law with costs to plaintiffs and, as modified, affirmed. Memorandum: In these actions seeking to impose liability upon the county for personal injuries sustained by plaintiffs as a result of a multiple vehicle accident on a county road, plaintiffs and certain defendants appeal from an order which granted the county's motion for summary judgment dismissing the complaints and cross claims against it. The court erred in granting judgment to the county based on its defense of sovereign immunity. The county failed to sustain its initial burden of showing that its failure to place warning signs in the vicinity

of the accident was the result of an adequate study or a reasonable choice among planning alternatives. On this record, there are triable questions of fact whether the study conducted of the site was adequate and whether responsible county officials made a conscious rational decision not to place warning signs at the site.

The court properly denied appellants leave to amend their complaints and cross claims against the county to assert a new theory of liability. There would be prejudice to the county in permitting appellants to amend after discovery has been completed, in response to the county's motion for summary judgment, and on the eve of trial. (Appeal from order of Supreme Court, Cayuga County, Corning, J.—summary judgment.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.